# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2010

No. 09-50681
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL SALAS-VELASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-835-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Manuel Salas-Velasquez (Salas) appeals the 57-month sentence imposed in connection with his guilty-plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Salas argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and that he should have been sentenced below the guidelines range. He contends that his assault conviction was double counted. He also argues that his personal history and characteristics and his motive for reentering the United States support a sentence below the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range. Salas cites *Kimbrough v. United States*, 522 U.S. 85 (2007), and argues that this court should not accord the sentence a presumption of reasonableness because the illegal reentry guideline is not supported by empirical data. Salas acknowledges that this argument is foreclosed by this court's precedent but raises the issue to preserve it for further review. The substantive reasonableness of Salas's sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2009). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

Salas's argument that this court should not accord his within-guidelines sentence a presumption of reasonableness because the applicable guideline is not supported by empirical data is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009)*; United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). The Sentencing Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement. *See* U.S.S.G § 2L1.2, comment. (n.6). Additionally, this court has rejected the argument that double-counting necessarily renders a sentence unreasonable. *Duarte*, 569 F.3d at 529-31.

Salas's assertions regarding the age of his prior conviction, his personal history and characteristics, and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Salas has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was an abuse of discretion.

The district court's judgment is AFFIRMED.